No. 04-072

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 61

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

MICHAEL GENE McCOLLOM,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Third Judicial District,
In and for the County of Powell, Cause No. DC-03-02,
The Honorable Ted L. Mizner, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

           Kevin E. Vainio, Attorney at Law, Butte, Montana

        For Respondent:

           Hon. Mike McGrath, Attorney General; Jim Wheelis,
Assistant Attorney General, Helena, Montana

           Christopher G. Miller, Powell County Attorney, Deer Lodge, Montana

Submitted on Briefs:  August 17, 2004

Decided:  March 15, 2005

Filed:

_____
Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Michael Gene McCollom ("McCollom") was convicted in the Third Judicial District Court, Powell County of felony sexual assault against two nine year old girls, one the daughter of McCollom's live-in girlfriend, J.S., and the other a friend of the daughter. He appeals from an Order of the District Court denying his Motion to Suppress entered on May 19, 2003. We affirm.

¶2 The issue on appeal is whether the District Court erred in refusing to suppress incriminating statements McCollom made to law enforcement after he was arrested?

¶3 McCollom was arrested at approximately 10:00 a.m. on December 20, 2002, pursuant to a valid arrest warrant. McCollom had been informed by J.S. that she filed a complaint against him and that he was going to be arrested for sexual assault. J.S. informed the Powell County Sheriff's Department that McCollom was planning on returning to Montana from Arizona, where he had been living since the incident occurred. McCollom was driving J.S.'s van. J.S. agreed to meet McCollom in Rocker on December 20, 2002, so that she could drive with him to Missoula, where McCollom planned to consult an attorney. J.S. agreed to contact the Sheriff when they left Rocker. McCollom was arrested by the Sheriff when he entered Powell County on Interstate 90, and was taken to the Powell County Jail.

¶4 At approximately 2:00 p.m. that day Captain Pat George ("Cpt. George") of the Powell County Sheriff's Department interviewed McCollom. At the beginning of the interview, Cpt. George described to McCollom some of the information he had gathered, played a portion of a taped interview with one of the victims, and advised him of his

*Miranda* rights. McCollom waived his *Miranda* rights, signed a waiver of rights form and agreed to speak with Cpt. George. The interview was then tape recorded.

¶5     McCollom, through counsel, filed a Motion to Suppress all oral, written, and transcribed admissions and confessions given by McCollom during the investigation. After a hearing the District Court denied the motion.

¶6     McCollom entered a guilty plea to both counts of felony sexual assault, reserving his right to appeal the Order denying his Motion to Suppress. McCollom was sentenced to Montana State Prison. He now appeals the denial of his Motion to Suppress.

¶7     This Court's review of a district court's denial of a Motion to Suppress is twofold: first, we review the court's findings of fact to determine whether they are clearly erroneous, that is, whether the findings are supported by substantial evidence, whether the district court misapprehended the effect of the evidence, or whether this Court is nevertheless left with a definite and firm conviction that the district court made a mistake. *State v. Gouras*, 2004 MT 329, ¶ 12, 324 Mont. 130, ¶ 12, 102 P.3d 27, ¶ 12. Second, we engage in a plenary review of the conclusions of law to determine whether the district court's interpretation of the law is correct. *Gouras*, ¶ 12.

¶8     McCollom first argues the District Court erred in not suppressing the statements he made to Cpt. George because he was denied his Fifth and Sixth Amendment right to counsel under the United States Constitution and Article II, Section 24 of the Montana Constitution. McCollom argues that the sheriff, knowing he was on his way to Missoula to consult with an attorney, arrested him to prevent him from seeking the assistance of legal counsel. He

says his actions in driving from Arizona to Montana to consult with an attorney constituted a clear and unambiguous statement that he wanted to consult with counsel before being questioned by the police. According to McCollom, since his desire to consult with counsel was known to Cpt. George, he should not have been subject to questioning until an attorney was made available to him.

¶9 In support of this novel argument he cites *State v. Spang*, 2002 MT 120, ¶ 25, 310 Mont. 52, ¶ 25, 48 P.3d 727, ¶ 25 (holding defendant's statement that "I need a lawyer, man" was sufficient to invoke his right to counsel, and thus subsequent statements were inadmissible at trial). However, in *Spang*, the defendant specifically requested to see a lawyer while being interviewed by the police. *Spang,* ¶ 25. McCollom failed to make any request whatever to speak with an attorney, before or during his interrogation. Also, there is no evidence in the record that Cpt. George arrested McCollom en route to Missoula so that he could prevent him from seeking legal counsel. Cpt. George was acting on a valid arrest warrant, which granted him the authority to arrest McCollom at any time of the day or night. *See* § 46-6-210, MCA; § 46-6-105, MCA. After his arrest, McCollom could have, at any time, invoked his right to consult with a lawyer.

¶10 McCollom next argues that Cpt. George utilized improper interrogation techniques warranting suppression of his confession because the interview took place after he had been awake for more than 30 hours, he was told that J.S. was going to testify against him, and he was not read his *Miranda* rights immediately, that is, before he was given any information. *See State v. Mayes* (1992), 251 Mont. 358, 377, 825 P.2d 1196, 1208 (holding the

4

defendant's confession should have been suppressed where the defendant had been awake for 30 hours, was questioned continually, was separated from his children and was lied to regarding the evidence against him); *State v. Grey* (1995), 274 Mont. 206, 212, 907 P.2d 951, 955 (holding defendant's confession was inadmissible where police failed to give the defendant an adequate *Miranda* warning).

¶11    An analysis of the voluntariness of a confession is a factual question which must take into account the totality of the circumstances. *Mayes*, 251 Mont. at 376, 825 P.2d at 1208. The totality of the circumstances test requires the district court to consider "the defendant's age and level of education; the interrogation technique and whether the defendant was advised of his *Miranda* rights; the defendant's prior experience with the criminal justice system and police interrogation; and the defendant's background and experience." *State v. Hill*, 2000 MT 308, ¶ 39, 302 Mont. 415, ¶ 39, 14 P.3d 1237, ¶ 39.

¶12    The District Court found that McCollom was fully advised of his right to counsel by both a Justice of the Peace and by Cpt. George.  McCollom signed a waiver of rights, admitted that he was advised of his rights, that he understood them, and that he consented to the interrogation.  McCollom stated he did not feel threatened or mistreated by Cpt. George.  The District Court found even though McCollom had been awake for 30 hours at the time of the interview, his answers were responsive and alert.  Accordingly, the District Court concluded that McCollom made a knowing and voluntary waiver of his rights.  The District Court's findings are based on substantial evidence and are not clearly erroneous.

¶13    McCollom finally argues that his statements should have been suppressed because

5

Cpt. George exerted improper influence on him by promising him leniency and sexual offender treatment in exchange for his confession. According to McCollom, this is enough to show that his confession was not made voluntarily. *See State v. Phelps* (1985), 215 Mont. 217, 224, 696 P.2d 447, 451 (to be voluntary, a confession must not be extracted by threat of violence, obtained by direct or implied promises or by improper influence).

¶14     McCollum testified that prior to turning the tape recorder on, Cpt. George told him that he would end up in prison for a lengthy prison term if he did not cooperate and that he would get some help if he did cooperate. To the contrary, Cpt. George testified that he did not say anything to McCollom about his getting treatment prior to reading him his rights and turning on the tape recorder. The District Court personally observed and listened to the witnesses as the finder of fact and found Cpt. George's testimony more credible, stating:

> There is conflicting testimony given by Captain George, the Defendant and the victim's mother as to the Defendant's mental state, threats of prison terms, and promises for help. The [c]ourt finds that Captain George's testimony is credible and is corroborated in large part by the recorded tape and transcript and Defendant's testimony that he was not threatened or mistreated. . . . He was told towards the end of the interview that Captain George would guarantee Defendant that Captain George would do everything he could to get the Defendant help. Captain George's statement was mostly after the fact and was not a critical factor in the statements made by Defendant. Also, Defendant claims that he made statements to Captain George prior to the tape being turned on. However, the only statements being used against the Defendant are those set forth on the tape after Defendant was advised of his rights on a[t] least two occasions.
>
> The [c]ourt concludes that the Defendant made a knowing and voluntary waiver of his rights prior to giving Captain George the recorded statement.

¶15     "The credibility of witnesses and the weight given to their testimony are determined by the trier of fact, and disputed questions of fact and credibility will not be disturbed on

6

appeal." *State v. Larson*, 2004 MT 345, ¶ 53,  324 Mont. 310, ¶ 53, 103 P.3d 524, ¶ 53.

¶16　　There is sufficient evidence in the record to support the findings of fact made by the District Court.  They are not clearly erroneous.  The District Court correctly applied the law to the facts.

¶17　　We affirm.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JAMES C. NELSON
/S/ JIM RICE